

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,744-01

### EX PARTE JACAB AUSTIN BRITT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR16-0091A IN THE 235TH DISTRICT COURT FROM COOKE COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated sexual assault of a child and sentenced to forty years' imprisonment. The Second Court of Appeals affirmed his conviction. *Britt v. State*, No. 02-17-00168-CR (Tex. App. — Fort Worth May 24, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code Crim. Proc. art. 11.07.

Applicant contends that trial counsel was ineffective because trial counsel provided an incriminating video to the police, in violation of attorney-client privilege and then did not object when the State used the video to impeach its own witness at trial. Applicant alleges that trial counsel failed to investigate and present expert testimony to show that the incriminating statements given

by the complainant to various witnesses were unreliable.[1] Applicant alleges that trial counsel failed to move for a hearing to challenge the opinions of the State's expert witnesses. Applicant alleges that trial counsel failed to present testimony from an expert as to Applicant's low risk of re-offending and from available character witnesses at the punishment stage of trial. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

---

[1] In his application, Applicant refers to a report apparently provided by proposed expert Michael C. Gottlieb in support of this ground. However, that report is not contained in the habeas record. It is unclear whether the report was not filed by Applicant, or whether it was filed but inadvertently omitted from the record forwarded to this Court.

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 15, 2020
Do not publish